IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ACCESS 4 ALL, INC., a Florida non-profit corporation,<br><br>       Plaintiff,<br>v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., an Ohio Corporation,<br><br>       Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING PLAINTIFF'S ACTION FOR LACK OF SUBJECT MATTER JURISIDCTION**<br><br>Case No. 2:16-cv-00475-JNP<br><br>District Judge Jill N. Parrish |

  Before the court is a Motion for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c) filed by Defendant Smith's Food & Drug Centers, Inc. ("SFDC"). (Docket No. 22). The thrust of Defendant's Motion is that Plaintiff Access 4 All, Inc. ("Access 4 All") lacks Article III standing.

  The court pauses at the outset to address two issues unrelated to the merits of SFDC's Motion. First, the court notes that both parties have relied almost exclusively on authority from outside of the Tenth Circuit to outline the relevant standard and support nearly all of their substantive arguments. Reliance on persuasive authority from other circuit and district courts alone is singularly unhelpful, as the court must govern itself first by the binding law of this circuit. In this instance, the court has located abundant on-point and controlling authority—mostly ignored by the parties—that addresses many of the issues relevant to this Motion. Both local counsel and counsel admitted *pro hac vice* are reminded that they must construct their pleadings and briefing based on the law of the Tenth Circuit to the extent possible before turning to the law of other circuits for substantive guidance.

Additionally, counsel are cautioned that ad hominem attacks against opposing counsel and clients are wholly inappropriate, unnecessary, and unbecoming of attorneys admitted to practice before this court. Certain briefing in this matter alleges deceit, sloppiness, purposeful evasion, and other malfeasances unrelated to the legal and factual issues at bar. Such accusations are plainly inconsistent with the professional civility and courtesy that should pervade argument and proceedings before this court. Indeed, counsel should be especially cautious to avoid personal attacks where, as here, there is some question as to the factual validity of certain declarations and pleadings. In the future, counsel should confine their arguments to the relevant legal and factual issues and at all times treat opposing counsel with appropriate civility and courtesy.

Failure to abide by either of these admonitions may endanger counsel's present or future *pro hac vice* status. *See* DUCivR 83-1.1(d)(2)(c), (g).

## BACKGROUND

The plaintiff in this action, Access 4 All, is a Florida-based non-profit corporation that seeks "to represent the interest of its [disabled] members by assuring places of public accommodation are accessible to and usable by the disabled and [to further assure] that its members are not discriminated against because of their disabilities." (Docket No. 2, at 2). The defendant, SFDC, owns a commercial property, consisting of a grocery store and restaurant, located in Salt Lake City, Utah.

Access 4 All filed the instant lawsuit on June 6, 2016, alleging that SFDC's property is noncompliant with multiple provisions of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq.* ("the ADA"). Specifically, Access 4 All's complaint alleges that one of its disabled members, John Peterson, encountered or at least observed a laundry list of ADA-violative

architectural barriers on SFDC's property. Access 4 All claims associational standing to bring this lawsuit through Mr. Peterson.

On February 23, 2017, SFDC filed the instant motion pursuant to FED. R. CIV. P. 12(c), requesting judgment on the pleadings as to Access 4 All's associational standing. (Docket No. 22). On April 3, 2017, Access 4 All responded, asserting that it had sufficiently alleged or otherwise demonstrated associational standing. (Docket No. 27). SFDC replied on April 17, 2017. (Docket No. 29). After review of the parties' briefing and other submitted materials, the court does not believe that oral argument would materially advance resolution of this Motion. Accordingly, the court decides the motion on the briefing. *See* DUCivR 7-1(f).

## **DISCUSSION**

Ordinarily, a motion for judgment on the pleadings under Rule 12(c) is evaluated under the same standard as a motion to dismiss under Rule 12(b)(6). *See Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003); *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (requiring district courts evaluating a motion for judgment on the pleadings to "construe all the nonmovant's factual allegations in the light most favorable to him"). However, SFDC here argues that Access 4 All lacks Article III standing, directly implicating this court's subject matter jurisdiction over the instant suit. *See Consumer Data Indus. Ass'n v. King*, 678 F.3d 898, 902 (10th Cir. 2012) (explaining that the elements of Article III standing "must be established before a federal court can review the merits of a case"). SFDC's Motion, then, is more properly categorized as a challenge under Rule 12(b)(1). *See Int'l Brotherhood of Elec. Workers v. Pub. Serv. Co. of Colo.*, 176 F. Supp. 3d 1102, 1109 (D. Colo. 2016) ("Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the [c]ourt lacks subject matter jurisdiction over the claim for relief asserted in the complaint."). Accordingly, the court will treat

Defendant's Motion as a challenge brought under Rule 12(b)(1). *See Roco, Inc. v. EOG Res., Inc.*, No. 14-1065-JAR-KMH, 2014 WL 5430251, at *2–*3 (D. Kan. 2014) (unpublished) (treating a motion under Rule 12(c) as a motion under Rule 12(b)(1) "because a party's standing implicates subject matter jurisdiction").

As noted above, a motion under FED. R. CIV. P. 12(b)(1) challenges the court's subject matter jurisdiction over the suit. The Tenth Circuit has explained that motions under Rule 12(b)(1)

> generally take one of two forms. First, a moving party may make a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction. In reviewing a facial attack, the district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based. . . . In reviewing a factual attack, a court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. In the course of a factual attack under Rule 12(b)(1), a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion [for summary judgment].

*Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (internal citations and quotations omitted).

Here, SFDC has launched both a facial and, in the alternative, a factual attack on Access 4 All's complaint. The gist of both challenges is that Access 4 All, as a representative organization, lacks associational standing. SFDC's facial challenge argues that Access 4 All's complaint fails to establish the individual standing of Mr. Peterson and that, as a result, the organization lacks associational standing. In the alternative, SFDC makes a factual challenge, asserting that Mr. Peterson—the only alleged member of Access 4 All named in the complaint—was not a member of Access 4 All when the complaint was filed. As explained below, the latter factual challenge succeeds and Access 4 All's complaint must be dismissed for lack of standing.

Since SFDC's factual challenge is ultimately dispositive, the court need not address the facial challenge.

In evaluating SFDC's factual challenge, the court "may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve the disputed jurisdictional facts." *SK Fin. SA v. La Plata Cty. Bd. of Cty. Comm'rs*, 126 F.3d 1272, 1275 (10th Cir. 1997). As noted above, this court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Stuart*, 271 F.3d at 1225 (quotations omitted). Here, both parties have submitted and relied upon affidavits and other documents alleging jurisdictional facts. As the issue of associational standing is not obviously intertwined with the merits of the underlying suit, *see Tandy v. City of Wichita*, 380 F.3d 1277, 1284 n.11 (10th Cir. 2004), the court's consideration of these documents does not convert this motion to one for summary judgment under Rule 56, *see Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (explaining that "a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case").

Additionally, it must be remembered that Access 4 All, as the party invoking federal jurisdiction, bears the burden of establishing that it has Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing the[] elements [of standing]."); *see also Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 550 (10th Cir. 2016) (explaining that a plaintiff claiming associational standing bears the burden of proof). Indeed, "because the jurisdiction of federal courts is limited," Access 4 All must provide proof sufficient to overcome a long-standing "presumption against federal jurisdiction." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). In order

to rely on associational standing, Access 4 All must, *inter alia*, "make specific allegations establishing that at least one identified member ha[s] suffered or [will] suffer [the] harm [alleged]." *Summers v. Earth Island Institute*, 555 U.S. 488, 498 (2009); *see also Colo. Outfitters Ass'n*, 823 F.3d at 550 ("To establish . . . associational standing, the plaintiffs had to prove, *inter alia*, that its members would otherwise have standing to sue in their own right.").

SFDC challenges Access 4 All's allegation that John Peterson—the only named individual in the complaint—was a member of the organization when the complaint was filed. If, as SFDC contends, Mr. Peterson was not a member of Access 4 All when the complaint was filed, then Access 4 All lacks associational standing. *See Summers*, 555 U.S. at 498 (requiring an organizational plaintiff to identify at least one member who was or will be harmed in order to establish associational standing); *Tandy*, 380 F.3d at 1284 ("Standing must be analyzed from the facts as they existed at the time the complaint was filed."). To support its contention, SFDC cites an interrogatory response provided by Access 4 All regarding the organization's membership that indicates that Mr. Peterson was not a member of Access 4 All when the complaint was filed. In early 2017, SFDC submitted several interrogatories to Access 4 All. Relevant here, "Interrogatory No. 7" asked Access 4 All to "[i]dentify the address of all members of Access 4 All, Inc. as of the date of filing the Complaint." (Docket No. 22-4, at 7). Access 4 All responded to this interrogatory by attaching a list of seventy-seven individual names in nearly alphabetical order with physical addresses listed for each without any further elaboration. (*Id.* at 13–20). Neither Mr. Peterson's name nor address appear on this list. SFDC argues that this evidence directly contradicts any allegation in Access 4 All's complaint indicating that John Peterson was a member of the organization when the complaint was filed.

Access 4 All responds with an affidavit from Mr. Peterson, which, according to Access 4 All, "confirm[s] that he was a member of Access 4 All, Inc. prior to the filing of the subject Complaint." (Docket No. 27, at 5). However, the affidavit does not in fact confirm Mr. Peterson's membership at any point in time other than the present. The relevant portion of the affidavit reads as follows: "As explained in paragraph 11 of the Complaint, I am a member of Access 4 All, Inc., and I personally encountered barriers to access at Smith's Food and Drug Center." (Docket No. 27-1, at 3). This statement merely refers back to the disputed allegation, which the court cannot treat as true, *see SK Fin. SA*, 126 F.3d at 1275, and asserts that Mr. Peterson *is currently* a member of Access 4 All. It does not confirm that he was a member when the complaint was filed, *see Tandy*, 380 F.3d at 1284 ("Standing must be analyzed from the facts as they existed at the time the complaint was filed."). This leaves the proffered list omitting Mr. Peterson essentially uncontroverted.

Indeed, the affidavit fails to explain why, in direct response to an interrogatory requesting information on "*all* members of Access 4 All, Inc. as of the date of [the] filing of the Complaint," (Docket No. 22-4, at 7 (emphasis added)), Access 4 All responded with a list that did not include Mr. Peterson. Beyond presenting Mr. Peterson's affidavit, Access 4 All does not in any way suggest that the list was somehow incomplete or otherwise incorrect as of the date the complaint was filed. Instead, Access 4 All asserts that it has turned over several membership lists to SFDC at various points in the litigation, including one list that indicated Mr. Peterson is or was a member. However, as SFDC is quick to point out, none of these other lists are dated and none were proffered under oath or pursuant to a request that would indicate any particular timeframe. By contrast, the list proffered in discovery reflected membership "as of the date of

[the] filing of the Complaint." (*See id.*). Thus, none of the other membership lists submitted by Access 4 All actually controverts the list submitted in discovery.

The court is therefore left with one essentially uncontroverted piece of evidence— the membership list proffered in discovery—which indicates that Mr. Peterson was not in fact a member of Access 4 All when the organization filed the complaint. Since Access 4 All bears the burden of proof to establish its own standing, *see Lujan*, 504 U.S. at 561, and there is no clearly contradictory evidence, the court must conclude that Mr. Peterson was not a member of Access 4 All when the complaint was filed.[1] Since Mr. Peterson is the only purported member of Access 4 All identified in the complaint, the organization lacks associational standing. *See Summers*, 555 U.S. at 498. As a result, this court lacks subject matter jurisdiction and the action must be dismissed.

## **CONCLUSION**

Based on the foregoing, the court concludes that Plaintiff Access 4 All lacks associational standing to bring this suit and, as a result, Defendant Smith's Food and Drug Centers' Motion for Judgment on the Pleadings (Docket No. 22) must be **GRANTED** and the above-captioned action is **DISMISSED** for lack of subject matter jurisdiction.

---

[1] The court notes that not even Access 4 All's recounting of Mr. Peterson's affidavit actually indicates that the list proffered in discovery was incorrect or incomplete. Instead, Access 4 All suggests that the affidavit "confirm[s] that [Mr. Peterson] was a member of Access 4 All, Inc. *prior* to the filing of the subject Complaint." (Docket No. 27, at 5 (emphasis added)). The question here is not whether he was a member *prior* to filing, it is whether he was a member *at* filing and has continued as a member throughout the litigation. In reality, if any of the several membership lists omitting Mr. Peterson as a member was accurate at *any* point in this litigation, Access 4 All would lack associational standing. *See Summers*, 555 U.S. at 498 (requiring at least one identified member of an organization to have Article III standing in order to confer associational standing on the organization); *Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016) ("A plaintiff's standing at the time of filing does not ensure the court will ultimately be able to decide the case on the merits. An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." (citations and quotations omitted)).

Additionally, the court's ultimate conclusion would likely be the same even if the affidavit somehow properly controverted the membership list proffered in discovery. Even then, the available evidence would be in equipoise, and Access 4 All would have failed to overcome the inherent presumption against federal jurisdiction. *See Full Life Hospice*, 709 F.3d at 1016.

The clerk of court is **ORDERED** to close the case.

IT IS SO ORDERED.

Signed this 14th day of August, 2017.

        BY THE COURT

        _____
        Jill N. Parrish
        United States District Court Judge